UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA SPENCER HILL,<br><br>    Plaintiff,<br><br>    v.<br><br>WARDEN,<br><br>    Defendant. | No. 2:20-cv-1033 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff seeks payment of unpaid wages earned by his service at fire camp. Plaintiff names only the warden as a defendant, but claims the CDCR owes him the pay.

There is no constitutional right to a job in prison. See Hoptowit v. Ray, 682 F.2d 1237, 1254-55 (9th Cir. 1982), overruled on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). Further, there is no indication that the State of California has created a protected liberty interest in a prison job. The California Constitution states that its provisions on inmate labor shall not be interpreted as creating a right of inmates to work, Cal. Const. art. XIV § 5, and the state statute which provides for work credits, Cal. Penal Code § 2933, has been found not to create a protected liberty interest, Toussaint v. McCarthy, 801 F.2d 1080, 1095 (9th Cir. 1986).

1

On the other hand, the law is clear that prisoners may be required to work and that any compensation for their labor exists at state discretion. Vanskike v. Peters, 974 F.2d 806, 809 (7th Cir. 1992) ("there is no Constitutional right to compensation for such work; compensation for prison labor is "by grace of the state.") (quoting Sigler v. Lowrie, 404 F.2d 659 (8th Cir. 1968). "The Thirteenth Amendment excludes convicted criminals from the prohibition of involuntary servitude, so prisoners may be required to work." Draper v. Rhay, 315 F.2d 193, 197 (9th Cir. 1963); see also Williams v. Coleman, 2012 WL 3912756, at *4 (E.D. Cal. Sept. 7, 2012) (prisoner "unable to state a cognizable claim that he is being forced into involuntary servitude in violation of the Thirteenth Amendment.")

Here, plaintiff seeks payment of wages earned while working at fire camp. Thus, he cannot state a cognizable claim in federal court, because his sole remedy lies with the state. Because he cannot amend to cure this defect, his complaint should be dismissed without prejudice. In light of such finding, the undersigned defers consideration of plaintiff's request to proceed in forma pauperis.[1]

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case.

Further, IT IS RECOMMENDED that plaintiff's complaint be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that

////

////

---

[1] Filing in federal court requires payment of a $400.00 filing fee, which includes a $50.00 administrative fee. Even if granted leave to proceed in forma pauperis, plaintiff will still be required to pay the $350.00 filing fee but is allowed to pay it in installments, and would not have to pay the additional $50.00 administrative fee.

failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 15, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

hill1033.56

3